Johnson, Ch. J.
The first objection made to the constitutionality of the law, the validity of which is involved in the judgment appealed from (Laws 1857, ch. 14), is that it embraces more than one subject, and that its subject is not expressed in its title. The Constitution (art. 8, § 16), provides that no private or local bill, which may be passed by the Legislature, shall embrace more than one subject, and that shall be expressed in its title. The title of the act is, “ An act for the relief of James Ley & Son.” The substance of the act is that power is conferred on the common council of Syracuse to assess, collect and pay to James Ley & Son, contractors for the construction of a sewer in that city, $600 in addition to the contract price. This constitutes but a single subject. The whole provision is framed to produce a single result, the relief of James Ley & Son. The different steps by which this relief is to be brought about are not distinct subjects, but are minor parts of the one general subject. This general subject is expressed in the title. The degree of particularity with which the title of an act is to express its subject, is not defined in the Constitution, and rests in the discretion of the Legislature. (Sun Mutual Insurance Company v. New York, 4 Seld., 241.) An abstract of the law is not required in the title, and its actual subject is, in this law, clearly and appropriately expressed.
The other objections to the law, founded on the position that it impairs the obligation of the contract under which the sewer was constructed,- and disturbs vested rights, may be disposed of together. There was, in law, no contract between the constructors of the sewer and the persons assessed to pay for it. The sewer was constructed under authority conferred *118 by the Legislature upon the city of Syracuse, and the expense was imposed on that part of the citizens interested in the improvement, by virtue of the discretionary power of the Legislature to impose the public burdens on those who, in its judgment, in justice ought to bear them. The nature of this power was fully examined in The People v. The Mayor of Brooklyn (4 Comst., 419), and it was declared to be a part of the legitimate exercise of the State’s power of taxation, to ascertain, subject to no judicial review, the public burdens to be borne and the persons or classes of persons who were to bear them. It would, therefore, have been within the clear authority of the Legislature, to have authorized the city government of Syracuse, without the consent of any person ' specially interested, .to construct this sewer, and to assess, by way of tax, the expenses on such persons as ought, in the judgment of the Legislature, to bear that burden; and it does not at all follow from the fact that the charter of Syracuse required, as a preliminary to the action of the common council, that the consent of a majority of the property owners to be benefited should first be obtained, that the contract entered into by the city with the constructors of the sewer is to be deemed a contract between the property owners and the constructors. The property owners were not in any sense parties to the contract. Their consent to the building of the sewer, though a necessary condition to the exercise of the power actually conferred by the Legislature on the city government, was not at all necessary to the complete authority of the Legislature over the whole subject. The taxation of the individuals interested in regard to this sewer stands on the same footing as all other taxation by authority of the Legislature.
It is. urged that Ley & Son had no unsatisfied legal claim in respect to the sewer, and that, therefore, the Legislature had no authority to tax, or authorize taxation, for its payment. To this position, the case of The Town of Guilford v. The Supervisors of Chenango County (3 Kern., 143), is an answer. It was there adjudged that the fact that a claim was not such a one as *119 the law recognized as of legal obligation formed no objection to the validity of a law imposing a tax and directing its payment. In that case, the question whether the claim should be paid, had once been, by legislative authority, submitted-to a popular vote, and had been rejected; but even this was held to be no answer to a subsequent law directing its levy by taxation and its payment to the claimant.
It is further suggested, that a provision of a city charter cannot be altered by a law enacted merely with the ordinary forms of legislation. We are not referred "to any provision of the present Constitution from which this consequence is thought to be deducible, nor are we aware of any which affirms or sustains any such general position.
Ho complaint is made that this act has not been passed by such vote as was constitutionally requisite; but the case is rested upon the points, that the title of the act was defective, and that the Legislature did not possess the power to pass the law.
The judgment should be affirmed.
All the judges concurring,
Judgment affirmed.